UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN COLLAZO-REYES,

    Plaintiff,

v.                              Case No. 8:23-cv-01651-UAM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**<u>ORDER</u>**

The Defendant has moved without opposition to remand this case for further proceedings before the Social Security Administration. Doc. 26. The motion is granted. Plaintiff's request for reversal of the opinion below (Doc. 23) is likewise granted.

Plaintiff was initially found to be disabled beginning July 1, 2000, but the Social Security Administration ("SSA") found him no longer disabled as of September 1, 2020, and then disabled again on February 25, 2022. R. 15, 25-26. Plaintiff seeks reversal of the SSA's decision that he was not disabled for a certain period. Doc. 1.

Plaintiff argues that, in arriving at her conclusion, the ALJ failed to properly analyze whether Plaintiff had any medical improvement, including by discussing whether there were changes in symptoms, signs, or laboratory findings associated with his impairments. 20 C.F.R. § 416.994(f)(3) (noting that one of the steps for ALJs in decisions evaluating continuing disability is determining whether there has been medical improvement); *Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984) ("[T]he ALJ was also required to evaluate the medical evidence upon which [the claimant] was originally found to be disabled. Without such a comparison, no adequate finding of improvement could be rendered.")

Specifically, Plaintiff asserts the ALJ failed to compare any medical evidence from the prior decision with more recent medical evidence. Doc. 23, pp. 6-7. Plaintiff explains that the ALJ merely looked at the evidence as a whole, failing to note any evidence that demonstrated that there had been a medical improvement since Plaintiff was last determined disabled. *Id.* pp. 7-8.

After consulting with Plaintiff, Defendant filed an unopposed motion to remand the case for further administrative proceedings, including a de novo hearing. Doc. 26. Plaintiff does not oppose the motion. *Id.* p. 1.

Pursuant to 42 U.S.C. § 405(g), the "court shall have [the] power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without

2

remanding the cause for a rehearing." In a remand pursuant to 42 U.S.C. § 405(g), the appropriate procedure is for a court to enter a final judgment in the claimant's favor. *Shalala v. Schaefer*, 509 U.S. 292, 296–97 (1993); *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996).

Based on the record and the parties' agreement that Plaintiff is entitled to a de novo hearing, it is ORDERED that:

1. The Commissioner's unopposed motion to remand (Doc. 26) is GRANTED.
2. Plaintiff's request to reverse the SSA's decision (Doc. 23) is GRANTED.
3. The Clerk is directed to enter judgment for Plaintiff with instructions that the Commissioner's decision is REVERSED under sentence four of 42 U.S.C. § 405(g) and the case is REMANDED for further administrative proceedings consistent with this order.
4. The Clerk is directed to close the case.

ORDERED, in Tampa, Florida on March 5, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge